* NOTE: Opinion filed at May Term, 1936, July 2, 1936; motion for rehearing filed; motion overruled at September Term, October 2, 1936.
Appeal by Hicks Truck Company, a partnership composed of R.G. Hicks, Roy Bullard and Silas Thomas, hereinafter referred to as Hicks Truck Company or appellants, from an order of the Circuit Court of Cole County overruling a motion of appellants to set aside a judgment of said circuit court for alleged irregularity apparent of record.
Hicks Truck Company claimed to have had a valuable, going business hauling freight by truck between St. Louis and Kansas City and *Page 473 
intermediate points over State Highway No. 40, when, in 1931, the Motor Bus Act (Secs. 5264 to 5281, inclusive, R.S. 1929, 9 Mo. Stat. Ann., pp. 6679 et seq.) was amended so as, among other things, to require a permit from the Public Service Commission (hereinafter called the commission) in order to continue such business. On July 28, 1932, Hicks Truck Company filed with the commission an application for such permit. Anderson Motor Service Company, a competitor, opposed said application. Other competitors were by the commission allowed to and did intervene and oppose the application. After a hearing, as provided by statute, the commission granted the application. Anderson Motor Service Company, within the time allowed by statute, filed with the commission a motion for rehearing which the commission overruled. Of all these proceedings before the commission Hicks Truck Company had due notice, as provided by statute. Thereafter, and within the time fixed by the statute, Anderson Motor Service Company applied to the Circuit Court of Cole County for a "writ of certiorari or review," as authorized by the Public Service Commission Act, Section 5234, Revised Statutes 1929 (Mo. Stat. Ann., p. 6661), to review the order of the commission. The writ was issued, directed to and served upon the commission, which in due time made return thereto, certifying to the circuit court the entire record of the proceedings before it, including the evidence and all exhibits introduced, pursuant to the statute. Appellants were not named as parties to the review proceeding, nor were they served with notice of its presentation to the circuit court or of its pendency there. It is claimed, and for the purpose of this case may be conceded, that they did not in fact know that such writ of review had been applied for or granted until after the circuit court had rendered the judgment herein complained of, reversing the commission's order. The circuit court rendered judgment reversing the order of the commission without remanding the cause to the commission. That judgment was rendered May 25, 1933. On March 2, 1935, appellants filed in the circuit court a motion to set aside said judgment, on the ground that the failure to make them parties to the review proceeding or notify them of its pendency was an irregularity apparent upon the face of the record, within the meaning and intendment of Section 1101, Revised Statutes 1929 (Mo. Stat. Ann., p. 1396). The circuit court overruled said motion and this appeal followed.
In said motion appellants alleged that the circuit court, in rendering its judgment reversing the commission's order, had acted without jurisdiction or in excess of its jurisdiction because it was apparent upon the face of the record that they had not been made parties to the review proceeding nor notified of its pendency and that the judgment so rendered deprived them of their property rights without *Page 474 
due process of law in that they were denied a hearing "before their property rights were passed upon," in violation of the Fifth Amendment to the Constitution of the United States and Section 30 of Article II of the State Constitution, and that for the same reason it was violative of Section 10 of Article II of the State Constitution requiring that justice shall be administered without denial. The motion also alleged that the judgment so rendered violated Section 5234 of the statute, supra, in that it deprived appellants of the right to appear in the review proceeding.
The review proceeding is prescribed by statute. As a prerequisite to the issuance of the writ it is provided by Section 5233, Revised Statutes 1929 (Mo. Stat. Ann., p. 6660), that after an order or decision has been made by the commission "any corporation or person or public utility interested therein" may apply to the commission for a rehearing, setting forth specifically the grounds on which the applicant deems the commission's order "to be unlawful, unjust or unreasonable." "No cause or action arising out of any order or decision of the commission shall accrue in any court to any corporation or person or public utility unless such corporation or person or public utility shall have made, before the effective date of such order or decision, application to the commission for a rehearing." Only the grounds set forth in the application for rehearing may thereafter be urged or relied upon "in any court."
By Section 5234, supra, "within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the rendition of the decision on rehearing, the applicant may apply to the circuit court of the county where the hearing was held or in which the commission has its principal office for a writ of certiorari or review (hereinafter referred to as a writ of review) for the purpose of having the reasonableness or lawfulness of the original order or decision or the order or decision on rehearing inquired into or determined." The writ is to be made returnable not later than thirty days after its issuance "and shall direct the commission to certify its record in the case to the court." The record so to be certified includes the "evidence and exhibits" introduced before the commission. No new or additional evidence may be introduced upon the hearing in the circuit court. The cause must be heard and determined by that court on the record certified to it by the commission. The statute provides that "The commission and each party to the action or proceeding before the commission shall have the right to appear in the review proceedings." The circuit court "shall enter judgment either affirming or setting aside" the order under review. If it reverses the commission's order for failure of that body to have received evidence which it should have received the court is required to remand the cause with directions *Page 475 
to the commission to receive and consider such evidence and enter a new order. The court may, in its discretion, "remand any cause which is reversed by it to the commission for further action."
By other sections of the statute it is provided that (Sec. 5235), the pendency of a writ of review "shall not of itself" stay or suspend the operation of the commission's order but that the circuit court may, in its discretion, stay or suspend the same in whole or in part, in the manner and upon the conditions therein prescribed, and (Sec. 5237), that "The commission, any corporation, public utility or person or any complainant" may prosecute an appeal from the court's judgment in the manner therein prescribed.
[1] The statute does not provide that notice of the suing out or the pendency in the circuit court of the petition for review shall be given to parties who may have appeared before the commission unless a requirement for such notice may be implied from the provision that "each party to the action or proceeding before the commission shall have the right to appear in the review proceedings." Appellants argue that said provision implies that each party must be notified, — by whom they do not say, though their motion to set aside the judgment and their argument here seem to imply that their contention is that "each party" must be named as a party in the writ of review and served with notice or process accordingly. They say that the "right to appear" means the right to "come into court as a party to the proceeding," citing 1 Bouvier's Law Dictionary (Rawles' Third Revision) 212, and other authorities. We think it true that the "right to appear" means the right to appear and to participate in the proceeding as a party thereto. But does it necessarily follow that each party to the proceeding before the commission must be named in the writ of review and specifically notified of its issuance? We think not. Perhaps this writ of review may be considered in some respects akin to the common-law writ of certiorari, wherein, it is said in 11 Corpus Juris, 143, section 120, that "The court is the only necessary respondent in a proceeding to review its order. . . . `The entire proceeding is leveled at the tribunal, board, or officer alleged to have exceeded the jurisdiction or authority conferred by law, and ordinarily these are to be deemed proper parties defendant of record.'" But, as above stated, this writ of review is governed and regulated by the statute, the constitutionality of which is not assailed. The statute makes no provision for notice to parties who may have appeared before the commission of intention to apply for the writ nor that they be named in the petition for the writ of review or in the writ itself. It clearly implies that the writ shall be directed to and served upon the commission, as was done in this case, because it says that the writ "shall direct the commission" to certify the record in the case to the court issuing the writ. When the case thus reaches the *Page 476 
circuit court those who were parties before the commission have the right, which they may exercise or not at their election, to appear and be heard, and to appeal from the judgment of that court. We think the statute clearly contemplates that the interested parties shall keep themselves informed of the progress of the case and shall take notice, without formal notification, of the steps which the statute notifies them may be taken after the commission has made its order or decision and before such order or decision has become conclusive.
We can perceive no injustice or undue hardship in the statute, so construed. The statute requires that the commission give notice to all interested parties of the time and place of its hearings. By Section 5145, Revised Statutes 1929 (Mo. Stat. Ann., p. 6552), it is required that all orders of the commission be served upon every person or corporation "to be affected thereby," and that every such person shall, within a time specified in the order, notify the commission whether the terms of the order are accepted and will be obeyed. All these notices were given. As we have pointed out, the statute provides for a review of the commission's order or decision by the circuit court, requiring first the filing before the commission, within a limited time, of a motion for rehearing, then, again within a limited time, for the suing out of a writ of review, prescribing the court by which such writ may be issued. Whether or not it might be said that, for some special purpose, not suggested and which does not now occur to us, the suing out of the writ of review is the commencement of a new action, it appears to us that, for the purpose of reviewing the commission's order, it is to be regarded as a continuation of the proceeding instituted before the commission. It is in the nature of an appeal from the order or decision of the commission. "Under the Public Service Commission Act, the circuit court exercises a jurisdiction in its nature derivative or appellate, rather than original." [Lusk v. Public Service Commission, 277 Mo. 264, 273, 210 S.W. 72, 75, (4-7).] For these reasons it appears to us not unreasonable that the statute should require, as we think it does, that the parties who appear before the commission and are interested in its orders and decisions, shall keep themselves informed and take notice, without formal notification or summons, of the further proceedings which, by express provisions of the statute, may ensue for reviewing the order or decision of the commission. The commission's orders are necessarily made subject to the statutory contingency of being reviewed and perhaps set aside by the circuit court on a statutory petition for review.
[2] For similar reasons we think that appellants' contention that they were denied their constitutional right to due process of law and to "justice without denial" cannot be sustained. As indicated above, we regard the review proceeding as in the nature of a continuation *Page 477 
of the proceedings instituted before the commission rather than, strictly speaking, the beginning of a new and independent
action in the circuit court. Appellants had due notice of all proceedings before the commission and appeared and were heard there. They knew, because the statute informed them, that any party to the proceedings before the commission might demand, and would thereupon be entitled to, a review of the commission's order. They knew the time and manner and the court in which such review might be demanded, and that, on such review, the commission's order might be set aside. They had the right, by statute, to appear and to be heard in such review proceeding and to appeal from the judgment of the court. In these circumstances we think the constitutional requirements of due process invoked by appellants were satisfied.
This conclusion, we think, finds support, in principle, in Brown Bennett v. Powers, 146 Iowa 729. That was a proceeding by certiorari "in the nature of an appeal from an order of the defendant as district judge, wherein the petitioners were adjudged guilty of contempt of court for the violation of a liquor injunction." The certiorari proceeding was regulated by statute. The petitioners had previously been adjudged guilty of contempt for the same acts, which former adjudication had been annulled by the Supreme Court in a certiorari proceeding in which the petitioners had not been named as parties and of which they had not been notified. In Brown Bennett v. Powers, supra, the petitioners urged that the former order of discharge was an adjudication, which they were entitled to plead and of the benefit of which they could not be deprived by an order of annulment or reversal made in a proceeding to which they had not been parties and of which they had had no notice. In denying the contention the court held that the proceeding was governed by the statute, the constitutionality of which was not assailed; that the proceeding was one of the methods "whereby the proceedings of the trial court may be reviewed, and its judgment set aside or annulled;" that "every party who obtains an adjudication in his favor is subject nevertheless to the statutory contingencies;" and that (146 Iowa, l.c. 732) "the statutory proceedings for the review of the judgment of the lower court are essentially a part of the original proceedings, regardless of the particular form of such proceedings. Being statutory, all parties have notice in advance, and are charged with the burden of ascertaining the status of their case in all its stages. Whether formal notice should be given for the purpose of obtaining a review is a question wholly of legislative discretion. In regular appeals such notice is provided for. But such notice is not essential to the constitutionality of the statute conferring the right of appeal."
State ex rel. Hurwitz v. North, 304 Mo. 607, 264 S.W. 678, was a proceeding by certiorari to review the action of the State Board of *Page 478 
Health in revoking the relator's license to practice medicine. The board had revoked the relator's license pursuant to the authority given by Section 7336, Revised Statutes 1919. The statute provided for a hearing before the board, after notice. It made no provision authorizing the board to issue compulsory processes for witnesses, but authorized it to hear such evidence as might be offered, including depositions. This court held that the board was not authorized to compel the attendance of witnesses but might consider the testimony, taken by deposition, of witnesses who would not attend voluntarily. The statute provided for a review by certiorari of the board's action upon application of the person whose license had been revoked. It was contended that the statute violated the due process clauses of the State and Federal Constitutions in that it authorized the taking of relator's license without a hearing or trial before a tribunal of competent jurisdiction. The court, after pointing out that, under the statute, evidence might be offered by depositions, said, 304 Mo. l.c. 619, 264 S.W. l.c. 681 (4-6):
"The statute therefore guarantees a hearing by way of depositions, at the least. This hearing is before a board in the first instance, but a court review is provided for, and these cases have, under the scheme of this statute, run the gamut from the State Board of Health to this court. This case exemplifies this fact. If the hearing fulfills the requirements of due process, then no constitutional inhibitions have been countered. Due process of law requires a hearing, after due notice of such hearing has been given the party. The proceedings need not be `according to the course of the common law.' [Hennig v. Staed, 138 Mo. l.c. 435.] The law in question provides for a hearing upon evidence, after due notice, and for a judgment after such hearing. Not only so, but it provides for a court review of the whole proceeding, and this relator had such hearing in the circuit court, and is now in this court upon appeal. By `due process' we do not always mean a court hearing. `But neither proceedings according to common law, nor judicial proceedings in a formal court for the trial of actions, are essential to due process.' [McGehee's Due Process of Law, p. 52; 6 R.C.L., p. 459, sec. 454.] There must, however, be a hearing after due notice, an opportunity to defend the right involved, before a legally constituted body for determining such right of the citizen. The statute under consideration not only grants all these things, but to make the matter doubly sure, it provides for a court review."
The court held that the statute was not violative of the due process clauses of either State or Federal Constitution.
The decision above referred to was affirmed by the United States Supreme Court in Missouri ex rel. Hurwitz v. North,271 U.S. 40, wherein the court said, l.c. 42: "The due process clause (of the Federal Constitution) does not guarantee to a citizen of a state any *Page 479 
particular form or method of state procedure. Its requirements are satisfied if he has reasonable notice, and reasonable opportunity to be heard and to present his claim or defense, due regard being had to the nature of the proceedings and the character of the rights which may be affected by it."
State ex rel. v. North, and Missouri ex rel. Hurwitz v. North, supra, as we understand them, hold that a hearing, after reasonable notice, before a tribunal such as, in that case, the State Board of Health, with the right to judicial review of the tribunal's proceedings, satisfies the constitutional requirements of due process. In that case the question of notice or want of notice of the review proceeding is not discussed.
For the reasons which we have indicated we think that in the instant case, the failure to name appellants as parties or serve them with notice in the review proceedings was not a denial of due process nor a deprivation of their constitutional right to justice without denial. The judgment of the circuit court is affirmed.