STATE OF MISSOURI at the relation of CARWOOD REALTY COMPANY, a Corporation, MERYL REALTY & INVESTMENT COMPANY, a Corporation, and CHARLES H. HART, Trustee for ALBERT WENZLICK REAL ESTATE COMPANY, a Corporation, Relators, v. W. M. DINWIDDIE, Judge of the Circuit Court of Boone County, in the Thirty-fourth Judicial Circuit.—122 S. W. (2d) 912.

Court en Banc, December 20, 1938.

*Cobbs, Logan, Roos & Armstrong* for relators.

594

*Roy McKittrick,* Attorney General, *Drake Watson, Harry Kay, J. E. Taylor* and *J. W. Buffington* Assistant Attorneys General, *Charles L. Henson, Walker Pierce* and *William G. Chorn* for Superintendent of Insurance Department, *amici curiae.*

TIPTON, C. J.—Prohibition. Relators seek to prohibit the respondent, judge of the Circuit Court of Boone County, Missouri, from acting upon a petition filed in that court by George A. S. Robertson, Superintendent of the Insurance Department of this State, wherein he seeks the aid and directions of that court in the distribution to the policyholders of funds created during the pendency of the case of American Constitution Fire Assurance Co. et al. v. O'Malley, commonly known in this State as the 16, 2/3 per cent increase rate case. This case is reported in 342 Mo. 139, 113 S. W. (2d) 795, and there a history of this litigation may be found. We held in that case that ". . . the judgment should be and is affirmed, and cause remanded, with directions to the trial court to immediately return said funds from the registry of the court to the Superintendent of Insurance, the lawful custodian thereof, for distribution by him to the policyholders."

When the mandate in that case reached the circuit court, it entered a judgment turning over the funds to the Superintendent of the Insurance Department but retained jurisdiction of the cause for the purpose of passing upon all claims made against the funds and to control and supervise the distribution of the funds. As the result of such judgment, the case of State ex rel. Robertson, Superintendent of Insurance Department, v. Sevier, 342 Mo. 346, 115 S. W. (2d) 810, was brought, and in that case we held that that court did not have jurisdiction to enter such judgment, but only had jurisdiction to dismiss the plaintiff's cause and to turn over to the Superintendent of the Insurance Department the impounded funds to be returned by him to the policyholders.

Briefly, the petition in question asks the Circuit Court of Boone County to aid the Superintendent of Insurance in distributing to the policyholders these impounded funds by passing upon all claims

made against the funds, and to supervise their distribution. If the Circuit Court of Cole County was without jurisdiction to pass upon all claims made against the funds and to supervise the distribution, it seems to the writer of this opinion that the Circuit Court of Boone County would be without jurisdiction to do the same thing.

In the case of State ex rel. Missouri State Life Ins. Co. v. Hall, 330 Mo. 1107, 52 S. W. (2d) 174, l. c. 177, we said:

"The original Code and amendments thereto indicate an intention to regulate the business from beginning to end, thereby protecting individual and public interests. The enactment of this comprehensive Code made the State a real party in interest. The Superintendent of Insurance is the administrative officer in charge of that interest, and courts are without authority to interfere with his administration of the Code."

Since the Superintendent of Insurance has no power to act except where authorized by statute, it necessarily follows that when we directed the funds to be turned over to him for distribution to the policyholders he must distribute them according to the Insurance Code of Missouri.

Section 5874, Revised Statutes 1929, dealing with funds created during the pendency of a rate litigation, among other things, directs the Superintendent of Insurance that "in the event his orders and directions shall be sustained, then such funds shall be turned over to the policyholders pro rata."

Section 5670, Revised Statutes 1929, provides that the Insurance Department is charged with the execution of the insurance laws. A comprehensive method is provided to defray the expenses of enforcing the insurance laws. [Secs. 5679, 5686 and 5688, R. S. 1929.] Although these funds were illegally collected, nevertheless, they were accumulated while the Superintendent of Insurance was resisting a rate increase. In other words, while he was enforcing the insurance laws of this State, the funds were created. Therefore, the expense of distributing these funds should be paid as any other clerical expense of the department, and not paid out of the funds in question. Each policyholder is entitled to his pro rata share of these funds.

The petition in question also asks the court to determine if certain lawyers have a lien on these funds for services rendered the superintendent in resisting the rate increase. Section 5678, Revised Statutes 1929, provides that the superintendent may, with the approval of the Governor, employ counsel for the purpose of enforcing the insurance laws, except in criminal prosecutions, but he is not given authority to pay counsel out of any funds belonging to the policyholders. He must pay counsel in the same way as any other expense of

the Insurance Department is paid. [Aetna Insurance Co. v. O'Malley, Nos. 35568 and 35569, 343 Mo. 1232, 124 S. W. (2d) 1164.]

The statutes above referred to explicitly define the duties of the Superintendent of Insurance in reference to these funds. The question arises: Has he a right to go into a court of equity to get direction as to how he should distribute these funds when his duties are outlined by the Insurance Code? We think not.

In the case of Shurtleff et al. v. Schoenleber et al., 184 N. W. 814, l. c. 816, the Supreme Court of Nebraska said:

"The appellants seek to invoke the rule that when the meaning of a will, deed, contract or other instrument which relates to or creates a trust is doubtful, so that by reason thereof the trustee is embarrassed or exposed to dangers in the execution of his trust, a court of equity will construe the instrument, declare its legal force and effect, and give advice and instruction in regard to carrying out of said trust. . . . To follow such a rule in this case would be the discharging by the court of the duties imposed upon appellants by law and relieve them from responsibility in the liquidation of the affairs of the corporation. This the court will not do. The appellants are, by statute, made trustees of the dissolved corporation. Their duties are specifically pointed out, fixed and determined by law, and they are not entitled to apply to the court for instructions. To instruct them would be to direct that they follow the plain and explicit direction of the statute."

We have held that "courts are without authority to interfere with his (Superintendent of Insurance) administration of the Code." [State ex rel. Missouri State Life Ins. Co. v. Hall, supra.] It follows that the respondent was without jurisdiction to entertain the petition of the Superintendent of Insurance. Our writ heretofore issued is made absolute. All concur.