John T. BARKER and Floyd E. Jacobs, Appellants,

v.

C. Lawrence LEGGETT, Superintendent of the Insurance Department of the State of Missouri, Respondent.

No. 44255.

Supreme Court of Missouri.

Nov. 12, 1956.

William H. Becker, Columbia, Walter A. Raymond, John T. Barker, pro se, Floyd E. Jacobs, pro se, Kansas City, for appellants.

John M. Dalton, Atty. Gen. of Missouri, Harry H. Kay, Asst. Atty. Gen. of Missouri, for respondent.

STORCKMAN, Judge.

The plaintiffs, attorneys at law, brought suit in the Circuit Court of Cole County against the superintendent of the Division of Insurance of the State of Missouri "to recover a fee for legal· services rendered the Division of Insurance under employ- ment by a former superintendent." Plain- tiffs assert the action is one in quantum meruit and allege the reasonable value of their services to be $275,000. The defend- ant's motion to dismiss was sustained on the ground that plaintiffs' petition failed to state a claim upon which relief could be granted. The plaintiffs appealed from the order of dismissal.

For a complete understanding of the nature of the action and the relief sought, we set out plaintiffs'· petition in full:

"1. Come now plaintiffs John T. Barker and Floyd E. Jacobs and state that they are and have been at all times hereinafter mentioned, duly licensed and practising at- torneys at law, resident in the State of Mis- souri.

"2. Plaintiffs further state that defend- ant C. Lawrence Leggett is being sued in his official capacity as the present Super- intendent of the Division of Insurance of the State of Missouri; that under the provisions of Section 374.120 Mo.R.S. 1949, (formerly incorporated in Section 5678 Mo. R.S.1929), the superintendent of the divi- sion of insurance, (formerly the department of insurance), is an entity distinct from the State of Missouri, with power to sue and be sued, as held in State of Missouri v. Home- steaders Life Ass'n., 90 Fed.2nd 543, (C.C. A. 8; 1937).

"3. Plaintiffs further state that this is an action against defendant to recover quantum meruit the value of their serv- ices rendered as attorneys lawfully em- ployed by a predecessor superintendent of insurance, Joseph B. Thompson; who em- ployed plaintiffs under Section 374.120(2) aforesaid, in June 1930, with the approval of the then governor of Missouri, Henry S. Caulfield, and the then attorney general, Stratton Shartel, to render legal services in behalf of the then superintendent of in- surance; that said legal services were fully and successfully performed in pro- tracted litigation by plaintiffs resulting six years later in their recovery in said litiga- tion from over one hundred and fifty stock

fire insurance companies doing business in the State of Missouri, of the sum of Two Million Seven Hundred Fifty-One Thousand Dollars ($2,751,000), representing overcharges and 6% interest thereon; belonging to Missouri policyholders who had been overcharged by said fire insurance companies in the premiums collected on their policies of fire insurance; that said superintendent accepted the benefit of said legal services, but that plaintiffs have never been paid therefor; that the Missouri Supreme Court en banc held in their case of Aetna Ins. Co. v. O'Malley, 343 Mo. 1232, 124 S.W.2d 1164, (1939), that plaintiffs could not be paid out of said fund created as a result of their legal services, notwithstanding plaintiffs' written contract with the aforesaid superintendent of insurance for said services expressly provided that they should be paid on a contingent basis out of said fund; that the Missouri Supreme Court ruled in said case that, (l. c. 1168):

"'As above stated, Section 5678, supra, does give the superintendent of insurance, with the approval of the governor, authority to employ attorneys to enforce the insurance laws of this state, *yet the only way such attorneys can be paid is like any other expense of the insurance department,* that is, by an appropriation of the legislature.' (Italics ours)

"4. Plaintiffs further state that in 1941 the Missouri Legislature enacted Section 379.395 Mo.R.S. 1949, setting up procedure for the filing of claims to the fund and for the eventual escheat of the unclaimed residue of the aforesaid fund to the State of Missouri; that they sought to avail themselves of this procedure; that the Missouri Supreme Court, Division 2, ruled in their case of Weatherby v. Jackson, 358 Mo. 542; 215 S.W.2d 742, (1948), that plaintiffs were not claimants within the meaning and provisions of said escheat act; declaring on page 745;

"'We must again, as we have before, say to these plaintiffs, your claims ·· must be presented to the legislature for consideration.'

that since that case Two Million One Hundred Sixty Thousand, Eight Hundred and Seventy-One Dollars and Thirty-Two cents ($2,160,871.32) of said fund have been escheated into the state treasury pursuant to that escheat law.

"5. Plaintiffs further state that in 1949 they caused their claim for compensation for said legal services to be presented to the Sixty-fifth General Assembly of the State of Missouri, by the introduction of a formal bill for payment of their services aforesaid; that said bill was defeated and failed to pass.

"6. Plaintiffs further state that defendant has failed and refused to pay plaintiffs for their said services, and defendant has failed and refused to take any steps to pay plaintiffs as required by law, notwithstanding plaintiffs' demand upon defendant for payment.

"7. Plaintiffs further state that defendant should be required to pay plaintiffs the reasonable value of their services, in the sum of Two Hundred Seventy-five Thousand Dollars ($275,000); which was the amount allowed plaintiffs after an extensive hearing by the trial court in the aforesaid case of Aetna Insurance Co. v. O'Malley, 343 Mo. 1232, 124 S.W.2d 1164, l. c. 1166; that this sum should be paid like any other expense of the division of insurance.

"8. Plaintiffs further state that the denial of this relief by the State of Missouri through its legislative, judicial, or administrative agency or agencies would under the foregoing facts and circumstances, deprive these plaintiffs of due process of law and the equal protection of the laws under Section 1 of the 14th Amendment to The Constitution of the United States. Raymond v. Chicago Union Traction Co., 207 U.S. 20, 36; 52 L.Ed. 78, 87; 28 Sup.Ct. Rep. 7.

"Wherefore, plaintiffs pray judgment against defendant for the reasonable value

of their aforesaid services rendered as aforesaid; together with their costs herein incurred and expended."

The plaintiffs contend that, having performed their contract of employment, "plaintiffs are now entitled to a judgment in quantum meruit establishing the amount of their fee." The substantial question on this appeal is whether the courts have jurisdiction in this sort of action to render a judgment binding on the superintendent of insurance adjudicating the amount of the plaintiffs' compensation as special counsel for the department.

■ It is now well settled that special counsel employed by the superintendent must be paid in the same manner as provided by law for the payment of other expenses of the insurance department. Aetna Ins. Co. v. O'Malley, 343 Mo. 1232, 124 S.W.2d 1164; Weatherby v. Jackson, 358 Mo. 542, 215 S.W.2d 742; State ex rel. Carwood Realty Co. v. Dinwiddie, 343 Mo. 592, 122 S.W.2d 912.

The case of State ex rel. Lucas v. Blair, 346 Mo. 1017, 144 S.W.2d 106, involved an application by an attorney wherein the trial court was asked to allow plaintiff an attorney fee and to impress the same as a lien on a fund in the hands of the superintendent of insurance in the litigation commonly known as the 16⅔ per cent rate cases. The right to the remedy claimed was denied, the court holding, 144 S.W.2d loc. cit. 109: "The General Assembly, by Section 5679, also has provided the methods by which *all* [1] the expenses of the Insurance Department must be paid. We can not read into that section any distinction between 'current' expenses and 'emergency' expenses; nor can we find where attorney's fees are excepted. The section provides two methods only for the payment of expenses: out of appropriations from earned fees, or by assessment against the companies. The reference in this section to 'proceedings against any company,' etc., becomes clear when read in connection

with Section 5685, Revised Statutes Missouri 1929, Mo.St.Ann. § 5685, p. 4348, which specifically provides the method for paying such expenses. The plaintiff Weatherby is not seeking payment by either method provided by the statutes." The sections referred to are now Sections 374.160 and 374.220 RSMo 1949, V.A.M.S., respectively.

State ex rel. Carwood Realty Co. v. Dinwiddie, supra [343 Mo. 592, 122 S.W.2d 914], also holds: "A comprehensive method is provided to defray the expenses of enforcing the insurance laws."

It is not necessary or proper for us to undertake to determine in this action whether the expense of these attorney fees is, under the circumstances, one of the usual expenses of the division which is payable "out of the amount appropriated by law from the insurance division fund, on warrants issued on such fund on vouchers *approved* by the superintendent and comptroller," or whether it is an expense of a "proceedings" against an insurance company. If of the latter kind it "shall be *assessed by the superintendent* upon the company proceeded against * * * and shall be in the first instance paid by such company, on the order of the superintendent directly to the person or persons rendering the service." Section 374.220(1). If the company shall neglect, fail or refuse to pay such expenses "the superintendent may approve the payment of the expenses, in whole or in part, which shall be paid in like manner as other expenses of the insurance division; and the amount so paid, together with costs, charges and fees for collecting the same, shall be a first lien upon all the assets and property of such company, and may be recovered by the collector of revenue in any court of competent jurisdiction; * * *. The collector of revenue shall deposit such sums in the state treasury to reimburse the insurance fund." Section 374.220(2).

1. Italics within quotations have been supplied unless otherwise noted.

There may be other pertinent statutory provisions with respect to the approval, assessment and payment of expenses of the insurance department, but the above and foregoing is sufficient to demonstrate the extent to which the General Assembly has gone in providing for the payment of expenses of the department and the part provided by law for the superintendent in such activity. Section 374.040 provides, in addition to specified duties, that the superintendent is required "generally to do and perform with justice and impartiality all such duties as are or may be imposed upon him by the laws regulating the business of insurance in this state." He is the chief administrative officer of the division of insurance.

■ The extent to which the statutes comprising the insurance code regulate the insurance business in Missouri and the attitude of the courts with respect to its administration is well stated in State ex rel. Missouri State Life Ins. Co. v. Hall, 330 Mo. 1107, 52 S.W.2d 174, loc. cit. 177, wherein the court states: "The original Code and amendments thereto indicate an intention to regulate the business *from beginning to end*, thereby protecting individual and public interests. The enactment of *this comprehensive Code made the state a real party in interest. The superintendent of insurance is the administrative officer in charge of that interest, and courts are without authority to interfere with his administration of the Code.*" This is in harmony with the rule generally recognized as stated in 44 C.J.S., Insurance, § 58, p. 526: "Ordinarily, the courts will not attempt to outline the general policy or conduct of the insurance department or interfere with or disturb the acts of the insurance commissioner or superintendent in matters within his discretionary powers, unless such power is exercised arbitrarily."

■ We believe it is the intent of the insurance code to vest the superintendent with primary jurisdiction to *approve* the usual expenses and to *assess* the expenses of proceedings against companies. We believe this right of primary decision by the superintendent is exclusive, subject only to review by the courts in the manner provided in the insurance code or as otherwise provided by Chapter 536, RSMo 1949, V.A.M.S., and more particularly § 536.100 dealing with judicial review of administrative decisions.

The plaintiffs contend the superintendent is a suable entity even though the statutes do not expressly so provide. In view of our conclusion that the courts are without authority to exercise jurisdiction in this action over the subject matter, it is unnecessary for us to determine under what circumstances the superintendent may sue or be sued.

■ The plaintiffs further contend that denial to them of relief in this action is in violation of their rights under the Fourteenth Amendment to the Constitution of the United States and Article I, Sections 10, 13 and 14, Constitution of Missouri 1945, V.A.M.S., in that the obligation of plaintiffs' contract would be impaired and they would be denied due process of law and equal protection of the law by destroying and denying to them any judicial or other remedy to enforce their contract. They also complain that the escheat law passed in 1941 unlawfully operates as an ex post facto for escheat of the fund without any provision for payment of plaintiffs' services.

As we have pointed out, administrative remedies are provided with right of judicial review. We have considered these constitutional questions and find them to be without merit. See Donovan v. Kansas City, 352 Mo. 430, 175 S.W.2d 874, 179 S.W.2d 108, appeal dismissed 64 S.Ct. 1049, 322 U.S. 707, 88 L.Ed. 1551; and Jacobs v. Leggett, Mo.Sup., 295 S.W.2d 825.

The trial court did not err in sustaining the motion to dismiss and the judgment is therefore affirmed.

LEEDY, C. J., and DALTON, HOLLINGSWORTH, HYDE and WESTHUES, JJ., and ANDERSON, Special Judge, concur.

EAGER, J., not sitting.