LaVerne HUNTER, Administratrix of the Estate of Emil Hunter, Deceased, and LaVerne Hunter, Plaintiffs-Respondents-Appellants,

v.

William MADDEN, Glenn Smith, Philip V. Paul, Defendants-Appellants-Respondents.

Nos. 38714, 38724.

Missouri Court of Appeals, St. Louis District, Division Four.

April 4, 1978.

Walsh, Howe & Ebert, Robert T. Ebert, Clayton, for LaVerne Hunter.

Paul Taub, Overland, for William Madden, Glenn Smith and Philip V. Paul.

SNYDER, Judge.

Mandamus action brought by La-Verne Hunter individually and as administratrix of the estate of Emil Hunter, deceased. Plaintiff LaVerne Hunter, administratrix, in Count I sought a writ of mandamus to the Board of Trustees of the Community Fire Protection District requiring the board to hold a hearing on the application of Emil Hunter, plaintiff's deceased husband, for disability benefits under the district's pension plan. Plaintiff LaVerne Hunter, individually, in Count II sought mandamus against the same board to require the members to hold a hearing on her application for widow's death benefits under the pension plan. Plaintiff LaVerne Hunter, administratrix, appeals from the Count I judgment denying a peremptory writ of mandamus as to her deceased husband's application for disability benefits.[1]

---

1. An order refusing an Alternative Writ of Mandamus is not appealable. However, once an alternative writ is issued, an appeal can be taken from an order of the court sustaining a Motion to Quash or Dismiss the Alternative Writ. *State ex rel. Karmi v. VonRomer* et al., 562 S.W.2d 112 (Mo.App.1978); *State ex rel. Brandon v. Hickey*, 462 S.W.2d 159 (Mo.App. 1970).

Defendant trustees appeal the Count II judgment granting a writ of mandamus as to LaVerne Hunter's application for widow's benefits. The parties' joint motion to consolidate the appeals was granted. The petition included a third count for damages which was dismissed by the trial court. No appeal was taken as to the judgment on this count and the issue has been abandoned.

█ Plaintiff moved to dismiss defendants' appeal alleging that defendants' brief failed to comply with Rule 84.04(a) and (d) which requires an appellant to state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. We have examined the motion, defendants' brief and the suggestions in support and in opposition to the motion submitted by the respective parties. The motion is denied.

Emil Hunter was first employed as a fireman by the Community Fire Protection District of St. Louis County on January 25, 1953. He attained the rank of Captain. His employment terminated on April 12, 1969 when he became totally disabled. He died on November 3, 1971 after undergoing surgery at Wohl Hospital after a fall in the bathroom of his residence.

The Community Fire Protection District had established a pension plan by the passage on December 6, 1966 of Ordinance 66–1 which was amended on December 20, 1966 by Ordinance 66–2. The plan provided for retirement and disability benefits for salaried members of the district and "for the payment of death benefits to the widows and minor children of salaried members of the district who lose their lives in the performance of their duties, * * *."

Captain Hunter applied for benefits under the plan alleging that he had become disabled and that the disability was caused by disease to his heart and lungs suffered in the line of duty as a fireman. On February 13, 1970 the defendant trustees, through their attorney, wrote a letter to Captain Hunter advising him that the board by resolution had voted to deny him benefits from the pension fund because his disability was not incurred in the line of duty. The denial was based on a review of his medical history and a subsequent examination by the district's medical board, the majority of whom were of the opinion that smoke inhalation was not the primary cause of his disability. No action was taken by Captain Hunter in response to this denial of benefits until September 24, 1970 when he filed suit seeking mandamus in the Circuit Court of St. Louis County. On October 23, 1974 the suit was dismissed for lack of jurisdiction. The petition here in question was filed on October 7, 1975.

The court ordered an alternative writ of mandamus to issue as prayed. Defendants' return to the alternative writ included a motion to dismiss plaintiff's petition. The court granted the motion to dismiss as to Counts I and III but denied the motion as to Count II. After hearing evidence, the court ordered a peremptory writ of mandamus to issue on Count II commanding the defendants to grant plaintiff LaVerne Hunter a hearing on her application for widow's benefits. Timely appeals followed except as to Count III.

We shall consider first plaintiff's appeal from the judgment dismissing Count I which related to Captain Hunter's application for disability benefits. We affirm the trial court's judgment as to Count I.

█ Chapter 536, RSMo 1959 relates to rules of administrative agencies (§ 536.010 through § 536.050), procedures by and before agencies (§ 536.060 through § 536.095) and judicial review of administrative decisions (§ 536.100 through § 536.150). It is applicable to municipal as well as state agencies. *State ex rel. Leggett v. Jensen,* 318 S.W.2d 353, 356[2] (Mo. banc 1958).

Rule 100 contains language identical to that in certain of the sections in Chapter 536 governing judicial review of administrative decisions. Rules 100.03 through 100.07 relate to judicial review of "contest-

ed cases" as defined in 100.01. Rule 100.08 relates to review of uncontested cases "by suit for injunction, *certiorari*, mandamus, prohibition or other appropriate action." A "contested case" is defined in Rule 100.01 as follows: "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing."

■ The initial question presented in connection with Captain Hunter's application for disability retirement benefits is whether it is a "contested case" under Rule 100. If so, a timely appeal would have required the filing of a petition for review within 30 days after the mailing of the notice of the board's final decision to Captain Hunter on February 13, 1970. Rule 100.04. If this is not a "contested case", the remedy of Captain Hunter would have been the filing of a petition for certiorari as permitted by Rule 100.08 in cases other than contested cases and as mandated by Section 4 of Ordinance 66–1. No time limitation is specified either in the rule or in the ordinance for the filing of a petition for certiorari.

The Supreme Court in *State ex rel. Leggett v. Jensen, supra,* at page 356, defines a "contested case" as follows:

"We think this means that a 'contested case' (to which the Administrative Procedure Act and its judicial review provisions apply) is a case which *must* be contested before an administrative agency because of a requirement (by constitutional provision, statute, municipal charter provision or ordinance; see Sec. 536.-105, subd. 1) *for a hearing before it* of which a record must be made unless waived. § 536.060."

The § 536.105 referred to is now § 536.150 from which Rule 100.08 was derived.

The court in *Jensen* then stated:

"In other words, 'contested case' within the meaning of the Act does not mean every case in which there may be a contest about 'rights, duties or privileges' but instead one in which a contest is required by law to be decided in a hearing before an administrative agency."

This case is not a "contested case" under the rule. No statute or ordinance requiring a hearing has been cited to us. On the contrary, Section 24 of Ordinance 66–1 states that the Board of Trustees *may* hold hearings. There is no reason to ascribe other than a discretionary meaning to the word "may". If the board has discretion, obviously there is no requirement that a hearing be held. There is also no hearing requirement in the controlling statute which only grants a general authorization to the board of directors of a district to provide for pensions and death benefits after approval by the voters of the district and to have and exercise all rights and powers necessary or incidental to or implied from the specific powers granted by the statute. § 321.220, RSMo 1959 as amended 1961.

■ Captain Hunter's application for disability benefits then is not a contested case and therefore falls under the provisions of Rule 100.08.

■ Section 4 of Ordinance 66–1 of the Community Fire Protection District provides that the records, evidence, findings and decisions of the Board of Trustees shall be preserved by the board and be "subject to judicial review on certiorari", thus prescribing a specific remedy for those aggrieved by decisions of the board, a remedy which is included in Rule 100.08 as an avenue of judicial inquiry or review. Certiorari was the appropriate remedy here.

■ Plaintiff contends that judicial review on certiorari has been nullified by Article V, Section 22 of the Missouri Constitution, citing *State ex rel. Police Retirement System of City of St. Louis v. Murphy,* 359 Mo. 854, 224 S.W.2d 68 (1949). However, the later case of *State ex rel. Leggett v. Jensen, supra,* at pages 357 and 358[3] and [4], clearly holds that the remedies provided in Rule 100.08, including certiorari, are applicable to many cases decided by administrative bodies without a hearing. Rule 100.08 does not specify a time limit on the filing of a suit for certiorari. Nor does

Ordinance 66–1 establish a time within which a party shall apply for review by certiorari. The fact is that Captain Hunter never brought certiorari. His failure to pursue the proper remedy in appealing the decision of the board requires affirmance of the dismissal of Count I.

It is true that Captain Hunter filed a suit for mandamus, but even this improper remedy was requested more than seven months after he was notified of the board's decision and not pursued for four years, after which it was finally dismissed by the court for lack of jurisdiction on October 23, 1974. Nearly a year then elapsed before the petition here in question was filed.

■ The controlling fact is that Captain Hunter did not pursue the proper remedy and mandamus, which his administratrix is here requesting, will not lie if an adequate remedy by appeal exists, even though a party has lost his proper remedy through neglect or ignorance. *State ex rel. Pope v. Lisle,* 469 S.W.2d 841 (Mo.App.1971).

Defendants in their brief contend that there was no statutory authority for accidental disability retirement allowances in 1966 when the ordinance was passed. Since Count I is dismissed for failure to apply in time for the proper remedy, we need not decide this question.

■ A different issue is raised by plaintiff LaVerne Hunter in her application for widow's benefits under Section 18 of the ordinance. The record shows that Mrs. Hunter applied for benefits for herself on April 19, 1975. This was more than three years after her husband's death but we have been referred to no requirement that imposes a time limit on the filing of such an application. The Board of Trustees refused to grant Mrs. Hunter a hearing or to allow her to introduce evidence on her application. The application, on a form prescribed by the board, does not contain, nor does it ask for, any information as to the cause of death of the deceased husband. In the case of Captain Hunter's application for disability retirement benefits, the board had examined medical reports and passed a resolution

denying the benefits, whereas in the case of Mrs. Hunter's application, the record shows that no action at all was taken by the board. No decision was made. Apparently the board ignored the application completely, perhaps upon the assumption that it was not necessary to take any action because they believed she obviously did not qualify. For whatever reason, no action was taken. Mrs. Hunter had no ruling from which she could appeal under the provisions of Rule 100. Therefore, her remedy is mandamus.

"Mandamus is a proper remedy to compel municipal officers or boards to take action and exercise their discretion in respect to matters properly presented to them and within their jurisdiction, but it will not lie to control or review the exercise of this discretion, or compel the officers or boards to act in a particular way. The courts will, however, relieve against an abuse of discretion by the officers or boards. 38 C.J. 689." *State ex rel. Schulz v. Fogerty,* 195 S.W.2d 908, 911 (Mo.App.1946). Plaintiff is attempting to compel the Board of Trustees of the pension fund of the Community Fire Protection District to take some action on her application for widow's benefits. She wants them to exercise their discretion. They have failed to do this on a matter which was properly presented to them, on an application form approved by the Board of Trustees, and within their jurisdiction under Ordinance 66–1.

No action was taken on the application. Therefore, plaintiff's remedy is a mandate from a court to the Board of Trustees directing them to consider the application in accordance with the terms of the ordinance.

Defendants argue extensively that: (1) Emil Hunter did not lose his life in the performance of his duties, and (2) LaVerne Hunter is not eligible for benefits since the ordinance prescribes that a widow is eligible for a pension only if the death of her employee husband was "the result of an accident or exposure at any time, or place, provided that at said time or place the member was in the actual performance of his duty, or exposed while in the actual performance of duty, or in response to an

emergency call, or was acting pursuant to orders; * * *."

No determination has ever been made that Emil Hunter did not lose his life in the performance of his duties. Defendants' statement to that effect in their brief is a conclusion not supported by the record. It is true that in the evidence presented to the trial court at the hearing on the issuance of the writ of mandamus there was testimony that Captain Hunter died following surgery after a fall in his home. However, the record also shows that Hunter had respiratory and heart problems and that his prognosis in the autumn of 1971, prior to his fall, was very poor. The record shows he suffered several periods of smoke inhalation and developed congestive heart failure around 1969. Plaintiff should be permitted to develop at a hearing whatever evidence she has that the cause of her husband's death was service connected under the terms of the ordinance.

The ordinance in Section 17 specifically defines occupational disease and states that: "The terms 'as the natural and proximate result of an accident occurring while in the actual performance of duty, or exposure while in the actual performance of duty, or in response to an emergency call' shall include 'occupational disease'." It is possible that the occupational disease provision is applicable here. Obviously there are questions of fact to be determined before it can be ruled positively that LaVerne Hunter is or is not entitled to widow's benefits under the pension plan.

The cases cited by defendants in support of their proposition that mandamus will not lie to command a futility are well-taken. However, their argument is based on a conclusion unsupported by the evidence, i. e. that Captain Hunter did not die as a result of a service connected disability.

The application form prescribed by the Board of Trustees of the Community Fire Protection District does not request information on the cause of death of the applicant's spouse. Thus the mere receipt by the board of petitioner's application does not constitute "the receipt and evidence of proof that the death of the member was the result of an accident or exposure while in the actual performance of duty" as required by Section 18 of the ordinance. In fact, it is reasonable to infer from the prescribed form of application that the applicant's evidence as to the cause of her spouse's death would be presented to the Board of Trustees following an initial determination by the board that she was a qualified applicant. The petition alleges and the record shows that the trustees have refused to permit Mrs. Hunter to present any evidence to them. Mandamus is the proper remedy to require defendants to act. The trial court's order directing the issue of a peremptory writ of mandamus requiring defendants to grant plaintiff LaVerne Hunter a hearing on her application for widow's benefits is affirmed.

Judgment affirmed in all respects.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.